# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:21-CV-00147

ALI SAGHAIN, TDCJ # 01632294, PETITIONER,

v.

BOBBY LUMPKIN, RESPONDENT.

## ORDER TO TRANSFER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Petitioner Ali Saghain, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges a disciplinary proceeding from the Stringfellow Unit. After reviewing the pleadings, the court concludes that this action must be transferred for the reasons set forth briefly below.

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction

1 / 3

over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Saghain is imprisoned based on a conviction from Harris County. *See* Dkt. 1, at 2. Harris County is located in the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2). The Coffield Unit, where the petitioner was incarcerated at the time he filed his petition, is located in Anderson County, which is in the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1). Although the petitioner's disciplinary hearing was at the Stringfellow Unit in the Southern District of Texas, Galveston Division, TDCJ is not a state court for purposes of jurisdiction under § 2241. *See Wadsworth*, 235 F.3d at 962. This court lacks jurisdiction over the petition.

Accordingly, the Clerk of Court is ordered to transfer this habeas action to the United States District Court for the Southern District of Texas, Houston Division, and to provide a copy of this order to the parties.

Signed on Galveston Island this __24th__ day of __June_____, 2021.

                                               _____
                                                 JEFFREY VINCENT BROWN
                                           UNITED STATES DISTRICT JUDGE